# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SHANNON NICHOLE
WISWALL,

        Plaintiff,

v.                                                    Case No. 8:22-cv-2289-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.
_____/

## OPINION AND ORDER[2]

### I. Status

Shannon Nichole Wiswall ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of bipolar disorder, anxiety, and unspecified trauma. Transcript of Administrative

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 9), filed January 6, 2023; Reference Order (Doc. No. 13), entered July 20, 2023.

Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed January 6, 2023, at 85, 94, 107, 127, 289.

On December 9, 2018, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of October 13, 2015. Tr. at 254-60 (DIB), 243-53, 271-76 (SSI).[3] Plaintiff later amended her alleged onset date to November 1, 2018.[4] Tr. at 59-60. The applications were denied initially, Tr. at 84-92, 102, 104, 157-59 (DIB); Tr. at 93-101, 103, 105, 160-62 (SSI), and upon reconsideration, Tr. at 126-45, 147, 149, 165-70, 172-77 (DIB); Tr. at 106-25, 146, 150, 152, 178-83, 185-90 (SSI).[5]

On September 23, 2020, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[6] Tr. at 38-61. On October 15, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 4-17.

---

[3] The DIB application was actually completed on December 11, 2018. Tr. at 254. The SSI application was signed November 19, 2018 and received by the SSA on December 26, 2018. Tr. at 243, 253. A summary for the SSI application indicates it was filed on January 22, 2019. Tr. at 271. The protective filing date for both the DIB and SSI applications is listed elsewhere in the administrative transcript as December 9, 2018. Tr. at 85, 127 (DIB), 94, 107 (SSI).

[4] This date is shortly after an October 11, 2018 decision by a different ALJ denying prior-filed DIB and SSI claims. See Tr. at 65-78. That decision is not at issue here.

[5] Some of these cited documents are duplicates.

[6] The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances caused by the initial stages of the COVID-19 pandemic. Tr. at 40-41.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 30-31 (Appeals Council exhibit list and order), 235-38 (request for review). On January 6, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 27-29, making the ALJ's Decision the final decision of the Commissioner. On October 6, 2022, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely[7] filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues: 1) "the ALJ erred in failing to accord [Plaintiff's] treating physicians appropriate weight"; and 2) "the ALJ failed to properly assess [Plaintiff's] symptoms." Plaintiff's Memorandum of Law in Support of Allegations of the Complaint (Doc. No. 16-1; "Pl.'s Mem."), filed August 17, 2023, at 3, 7 (some capitalization and emphasis omitted). On September 15, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 18; "Def.'s Mem.") addressing Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further proceedings.

---

[7] Plaintiff requested and received additional time to file a civil action. Tr. at 22, 25-26.

## II. The ALJ's Decision

When determining whether an individual is disabled,[8] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 6-16. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 13, 2015, the alleged onset date." Tr. at 6 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following

---

[8] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

4

severe impairments: osteoarthritis of the right shoulder; obesity; bipolar disorder; anxiety disorder; personality disorder." Tr. at 7 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 7 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except [she] cannot climb ladders, ropes, or scaffolding; she cannot reach overhead with the right upper extremity; she cannot be exposed to hot, cold or wet environments; she can occasionally balance, crouch, crawl and stoop; she can perform simple, routine, repetitive tasks; she can have superficial contact with the public; she can have occasional contact with coworkers.

Tr. at 9 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as an "Automatic car wash attendant" and a "Security guard." Tr. at 15 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 15-16. After considering Plaintiff's age ("24 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that

"there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 15 (emphasis omitted), such as "Mail clerk," "Photocopy machine operator," and "Housekeeping [c]leaner." Tr. at 16. The ALJ concluded Plaintiff "has not been under a disability . . . from October 13, 2015, through the date of th[e D]ecision." Tr. at 16 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine

whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in evaluating the opinions of treating physician Alfonso Chen, M.D. and licensed mental health counselor Jill Freeman. Pl.'s Mem. at 3-7. Plaintiff also alleges the ALJ erred in considering her subjective complaints, particularly her allegations about the side effects of her medications. Id. at 7-11. Responding, Defendant argues the ALJ adequately evaluated the medical opinions and provided good reasons for finding them unpersuasive. Def.'s Mem. at 6-15. Further, Defendant asserts the ALJ appropriately considered Plaintiff's subjective complaints and her alleged side effects, id. at 15-18, when the ALJ found that the complaints and alleged side effects were "overexpress[ed]," Tr. at 12.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting

7

the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[9] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2)

---

[9] Plaintiff filed her applications after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

8

"[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[10]

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise

---

[10] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

9

to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d

10

837, 839 (11th Cir. 1992).

Here, Plaintiff's treating psychiatrist Dr. Chen authored an opinion dated November 22, 2019 about Plaintiff's mental health functioning. Tr. at 465-68. According to Dr. Chen, he had been seeing Plaintiff for monthly visits since May 2017. Tr. at 465. Dr. Chen listed the prescribed medications for Plaintiff's conditions: Trileptal, Lithium, Seroquel, Valium, Trazodone, and Lexapro. Tr. at 465. He listed medication side effects as: "sedation," "tremors," "dizziness," and "cognitive impairments." Tr. at 465. Dr. Chen noted Plaintiff has an "inability to concentrate," a "labile affect," "insomnia," "episodes of depression," and "lack of social skills." Tr. at 465. Dr. Chen endorsed a number of signs and symptoms on a check-list style form, and he opined Plaintiff is seriously limited, unable to meet competitive standards, or has no useful ability to function in all mental abilities and aptitudes needed to do unskilled work. Tr. at 466-67. Dr. Chen stated Plaintiff has marked restriction in activities of daily living, extreme difficulties in maintaining social functioning and maintaining concentration, persistence, or pace, and four or more episodes of decompensation lasting two weeks or more. Tr. at 468. According to Dr. Chen, Plaintiff would be expected to be absent from work more than four days per month. Tr. at 468.

Ms. Freeman, Plaintiff's mental health counselor, authored an opinion on August 23, 2020. Tr. at 479-82. She deferred to Dr. Chen on the prescribed medications, and did not list any side effects. Tr. at 479. She endorsed a number

11

of signs and symptoms on the check-list form, and, similar to Dr. Chen, opined Plaintiff is seriously limited, unable to meet competitive standards, or has no useful ability to function in all mental abilities and aptitudes needed to do unskilled work. Tr. at 480-81. According to Ms. Freeman, Plaintiff would be absent from work more than four days per month. Tr. at 482.

As for side effects of her medications, Plaintiff early in the administrative process alleged blurred vision, dizziness, increased anxiety, depression, nausea, fatigue, tiredness, and unsteadiness. Tr. at 330. She testified she gets tremors and has "trouble waking up" to the point where her mother "has to shake [her] to wake up." Tr. at 45. Plaintiff endorsed "real bad nightmares." Tr. at 45. Plaintiff sometimes "just sleep[s] all day." Tr. at 50; see also Tr. at 352 (appeal report indicating Plaintiff "rarely gets out of bed and if she does[,] she doesn't leave her room or her house"); Tr. at 307 (letter from Plaintiff's step-father, himself a licensed mental health counselor, indicating that Plaintiff's medication "is strong enough by any reasonable standard, to render any person incapable of driving, working or even having significant cognition to perform daily living activities").

The ALJ, as for alleged symptoms and side effects, found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent

with the medical evidence and other evidence in the record." Tr. at 10. The ALJ summarized Plaintiff's testimony, including the alleged medication side effects. Tr. at 9-10. The ALJ particularly recognized Plaintiff's allegations of "fatigue and dizziness." Tr. at 10 (citations omitted). When discussing Dr. Chen's clinical notes, the ALJ found Plaintiff "appears to have rarely endorsed major side effects from her medications." Tr. at 10 (citations omitted). Later, addressing Plaintiff's alleged side effects of dizziness and fatigue, the ALJ found "the evidence from her consultative exam does not support these reports" because she "did not appear fatigued" and "did not exhibit unsteadiness on her feet, even while standing on one leg." Tr. at 12. The ALJ repeated: "there are few reports concerning medication side effects in Dr. Chen's records"; and determined that the lack of evidence of reported side effects "points to an overexpression of limitations, as it relates to the side effects of medication." Tr. at 12. The ALJ did give Plaintiff some benefit of the doubt on the alleged dizziness and fatigue by limiting Plaintiff to a degree, physically, in the RFC. Tr. at 9, 12. When it came time to address Dr. Chen and Ms. Freeman's opinions, the ALJ relied on the lack of "major complications from medication side effects" in finding their opinions to be "unpersuasive." Tr. at 14.

The ALJ's findings on Plaintiff's medication side effects are not supported by substantial evidence. The crux of the ALJ's determination that Plaintiff's side effects are not as severe as suggested is that Plaintiff "appears to have

13

rarely endorsed major side effects" to Dr. Chen. Tr. at 10. Dr. Chen's handwritten notes are extremely difficult to read, which likely contributed greatly to this finding. The Court's examination of the notes, however, reveals rather consistent reports of varying side effects and information otherwise corroborative of Plaintiff's allegations (and this is just from the notes that are legible enough to read). See, e.g., Tr. at 381 (documenting Plaintiff called the month prior "complaining of severe insomnia" and reflecting an adjustment of her medications), 383 (Plaintiff "stays in her room 'freezed up'"), 385 (Plaintiff complaining of dizziness and blurred vision), 387 (Plaintiff alleging difficulty sleeping), 389 (Plaintiff complaining of insomnia), 392, 433 ("'twitches'"), 435 (Plaintiff reporting severe insomnia and irritability), 436 (Plaintiff reporting occasional insomnia and irritability), 448 ("[illegible] cognitive symptoms and 'jerks'"), 472 (Plaintiff reporting interrupted sleep and sleeping very soundly), 473 (Plaintiff reporting being sedated in the morning), 475 (Plaintiff reporting insomnia and tiredness), 476 (documenting a decrease in Seroquel because Plaintiff "was sleeping too much"), 477 (Plaintiff reporting continued struggles with insomnia and "waking up after noon due to sedation").

Although there are a few notes documenting no reported side effects, the vast majority of them specifically document significant side effects from Plaintiff's array of significant psychotropic medications. To the extent the ALJ found otherwise, the finding is not supported by substantial evidence.

14

Moreover, the ALJ relied in part on the lack of major complications from side effects in finding Dr. Chen's and Ms. Freeman's opinions to be unpersuasive, but Dr. Chen's notes tend to support—not detract from—his opinion that Plaintiff suffers from a variety of side effects that, together with Plaintiff's diagnoses, significantly affect her ability to function. Reversal and remand for further consideration are required.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider the alleged side effects of Plaintiff's medications, together with the opinions of Dr. Chen and Ms. Freeman about the effects of Plaintiff's conditions and medication on her ability to work; and

  (B)  Take such other action as may be necessary to resolve these claims properly.

  2.  The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 20, 2024.

                */s/ James R. Klindt*
                JAMES R. KLINDT
              United States Magistrate Judge

kaw
Copies:
Counsel of Record