# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SHANNON NICOLE WISWALL,

      Plaintiff,

v.                                                                 Case No. 8:22-cv-2289-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,

      Defendant.
_____/

## **O R D E R**

      This cause is before the Court on Plaintiff's Motion for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act (Doc. No. 22; "Motion") and attached affidavit (Doc. No. 22-1; "Affidavit") and Time Sheet (Doc. No. 22-2; "Time Sheet"), collectively filed June 19, 2024, and Plaintiff's Notice of Filing Fee Agreement in Support of Motion (Doc. No. 25) and attached Fee Agreement (Doc. No. 25-1; "Fee Agreement"), filed October 20, 2024. In the Motion, Plaintiff's counsel seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $6,465.99. Motion at 1. Plaintiff represents that Defendant does not oppose the relief requested. See Plaintiff's Supplement to Her Motion (Doc. No. 23), filed June 25, 2024.

      Plaintiff's counsel indicates a total of 26.5 hours were expended in the representation of Plaintiff before the Court: 1.7 hours in 2022 and 24.8 hours in

2023 and 2024. Motion at 1; Affidavit at 1; Time Sheet. Plaintiff requests an hourly rate of $234.95 in 2022 and $244.62 in 2023 and 2024. Motion at 1; Affidavit at 2. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Motion, the Court concludes an increase in inflation does justify a proportionate increase in attorney's fees.[1]

Plaintiff has assigned her rights to any entitlement of attorney's fees due under the EAJA to her counsel. See Motion at 1; Fee Agreement at 1. Regarding the assignment, Plaintiff represents the following:

> Any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel.

Motion at 1.

---

[1] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited October 23, 2024). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Motion for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act (Doc. No. 22) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $6,465.99 pursuant to 28 U.S.C. § 2412(d).

3. The Commissioner may exercise his discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on October 24, 2024.

　　　　　　　　　　　　　　　　　*James R. Klindt*
　　　　　　　　　　　　　　　　　JAMES R. KLINDT
　　　　　　　　　　　　　　　　　United States Magistrate Judge

kaw
Copies:
Counsel of Record